UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X   Case No.:

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.

Plaintiff,

**COMPLAINT**

- against -

AXIS INSURANCE COMPANY

Defendant,

------------------------------------------------------------X

Plaintiff, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ("CON EDISON") by and through its attorneys, Kritzer Law Group, as and for its Complaint against the Defendant, AXIS INSURANCE COMPANY ("AXIS") respectfully alleges, upon information and belief as follows:

1.      The Plaintiff seeks a Declaration that AXIS has a duty to defend and indemnify CON EDISON in the action titled Hainerich Wortman against Consolidated Edison Inc., C.O.N Edison, Inc., Con Edison Construction Corp, Consolidated Edison Company of New York, Inc. bearing Index no. 724374/2023 of the Supreme Court of the State of the New York, County of Queens ("Underlying Action").

2.      That AXIS wrongfully denied coverage to CON EDISON as an additional insured under the commercial general liability policy of insurance AXIS issued to MECC Contracting, Inc. ("MECC") bearing policy number P001000011939-06 for the period of May 30, 2022 to May 30, 2023 ("Axis Policy").

3.      That AXIS is obligated to reimburse CON EDISON for all expenses incurred by CON EDISON in the defense of the underlying action.

4.      This is an action for declaratory judgment under 28 U.S.C. 2201. This Court has

subject matter jurisdiction over the action pursuant to 28 U.S.C. 1332 because there is complete diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. 1391 (b)(2) in that a substantial part of the events giving rise to the claims at issue occurred in this District. Specifically, the Underlying Action for which coverage is sought was filed in the Supreme Court of the State of New York, Queens County and the accident giving rise to the Underlying Action occurred in Queens County.

6. That at all times hereinafter mentioned, Plaintiff CON EDISON was and still is a corporation organized and existing under and by virtue of the laws of the State of New York with a principal place of business in the State of New York.

7. That at all times hereinafter mentioned, Defendant AXIS was and still is an Illinois corporation authorized to do business in the State of New York with its principal place of business in Georgia.

8. The plaintiff in the Underlying Action alleges that he sustained bodily injuries on June 15, 2022 when he fell on the sidewalk at or near Cooper Avenue and Metropolitan Avenue, County of Queens, State of New York.

9. That prior to the accident giving rise to the Underlying Action, CON EDISON entered into an agreement with MECC wherein MECC agreed to furnish all supervision, labor material, and equipment for underground electric trenching, excavation, conduit installation, sheeting, street lights, test pits, paving and final restoration services in Con Edison's Queens service territory.

10. That, pursuant to the agreement, CON EDISON was to be an additional insured under the policy of general liability insurance issued to MECC.

11. That AXIS issued the aforesaid policy of general liability insurance to MECC under which CON EDISON was an additional insured and said policy was in effect at all relevant times.

12. That the defense of the underlying action was tendered by CON EDISON to AXIS on or about August 7, 2025.

13. On or about May 13, 2026, AXIS, refused to comply with the demand for coverage for CON EDISON.

14. The denial of coverage by AXIS to CON EDISON was wrongful.

15. That AXIS was obligated to assume the defense of CON EDISON upon tender.

16. That there is a justiciable controversy between the Plaintiff and the Defendant and this Court is requested to grant a declaratory judgment declaring the rights, obligations and relations of the Plaintiff and the Defendant with respect to said controversy and dispute.

**WHEREFORE,** the plaintiff respectfully demands judgment of this Court declaring:

1. That the Plaintiff CON EDISON is an insured under the Axis Policy.

2. That the Plaintiff CON EDISON is entitled to coverage for the Underlying Action under the Axis Policy.

3. That Defendant AXIS is obligated to defend and indemnify Plaintiff CON EDISON in the Underlying Action.

4. That Defendant AXIS is obligated to reimburse Plaintiff CON EDISON for all defense costs and expenses incurred in the underlying action.

5. That the Plaintiff have judgment for the costs and disbursements incurred in prosecuting the within declaratory judgment action and.

6. That the Plaintiff have such other and further relief as to this Court may seem just and proper.

Dated: Smithtown, New York
May 22, 2026

Yours, etc.

KRITZER LAW GROUP

By: _Karl Zamurs_

KARL ZAMURS
Attorneys for Plaintiff
180 East Main Street, Suite 204
Smithtown, New York 11787
(631) 979-4777

TO:   AXIS INSURANCE COMPANY
1211 Avenue of the Americas
New York, New York 10036